# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE FUENTES, JETAIME HOWARD, MIANIKA SMITH, SHARI GOODMAN, and JERMAIN HAYES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES, RUSH COMMUNICATIONS, LLC, RUSH COMMUNICATIONS of NYC, INC., META FINANCIAL GROUP INC., and METABANK,<br><br>Defendants. | 15-CV-8372 (JPO)<br><br>ORDER |

## ORDER CERTIFYING A SETTLEMENT CLASS, PRELIMINARILY APPROVING THE CLASS ACTION SETTLEMENT, AND DIRECTING NOTICE TO THE SETTLEMENT CLASS

This matter came before the Court on Plaintiffs' Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement.

WHEREAS, on October 23, 2015, Plaintiffs Stephanie Fuentes, Jetaime Howard, Mianika Smith, Shari Goodman, and Jermain Hayes filed this putative class action in this Court, captioned *Fuentes, et al. v. UniRush, LLC, et al.,* Case 1:15-cv-08372 (S.D.N.Y.) (the "Fuentes Action") against Defendants UniRush, LLC d/b/a UniRush Financial Services, Rush Communications, LLC, Rush Communications of NYC, Inc., (the "Rush Defendants"), and Defendants Meta Financial Group, Inc. and MetaBank (the "Meta Defendants");

WHEREAS, RushCard is a prepaid debit card, and Defendant UniRush, LLC offers the RushCard program to consumers pursuant to an agreement with the card issuer, Defendant MetaBank;

WHEREAS, UniRush, LLC entered into an agreement with a subsidiary of MasterCard Incorporated, MasterCard International Incorporated, for a division of the subsidiary to become the new processing company for RushCard services. The conversion date for the subsidiary to become the new processing company for RushCard services was October 12, 2015. Prior to October 12, 2015, RushCard cardholders were informed there would be a short disruption in service on October 12, 2015 to allow for the conversion to take place;

WHEREAS, RushCard cardholders experienced a longer than anticipated disruption in service for portions of the period of time between October 12, 2015 and October 31, 2015 (the "Service Disruption");

WHEREAS, this action is one of four (4) putative class actions brought against Defendants by fifteen (15) named plaintiffs in various federal courts across the nation. All four of the putative class actions sought to represent a materially identical nationwide class;

WHEREAS, on October 30, 2015, Plaintiffs Ivy Huff, John Golden, Latayqa Little, Jackie Brown, Mnemosyne Collier, Stephanie Walton, Akil Patterson and William Patterson filed a putative class action in the United States District Court for the Eastern District of California, captioned *Huff, et al. v. UniRush, LLC, et al.*, Case 2:15-cv-05996 (E.D. Cal.) (the "Huff Action") asserting materially similar allegations as the Fuentes Action. The Huff Action also names MasterCard Incorporated as a defendant;

WHEREAS, on November 2, 2015, Plaintiff Marah Peterkin filed a putative class action in this Court, captioned *Peterkin, et al. v. UniRush, LLC, et al.*, Case 1:15-cv-08573 (S.D.N.Y.) (the "Peterkin Action") asserting materially similar allegations as the Fuentes Action;

WHEREAS, on November 5, 2015, Plaintiff Nicole Jones filed a putative class action in the United States District Court for the Eastern District of Pennsylvania, captioned *Jones v. UniRush, LLC, et al.*, Case 5:15-cv-05996 (E.D. Pa.) (the "Jones Action") asserting materially similar allegations as the Fuentes Action;

WHEREAS, the Fuentes Action, Huff Action, Peterkin Action, and Jones Action are referred to herein as "the Actions";

WHEREAS, the Plaintiffs in the Actions and Defendants have entered into a Settlement Agreement dated May 4, 2016, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement (the "Settlement Agreement"); and

WHEREAS, in order to preserve the resources of the Parties and the Judiciary, the Parties agreed that Plaintiffs would seek approval of the Settlement through the Fuentes Action; and,

WHEREAS, the Court is familiar with and has reviewed the record in the Actions and has reviewed the Settlement Agreement, including the exhibits attached thereto, and found good cause for entering the following Preliminary Approval Order:

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

**Preliminary Settlement Approval**:

1. The Parties have moved the Court for an order approving the Settlement of the Actions in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed Settlement, and the Court having read and considered the Settlement Agreement and having heard the Parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 21 of this Order.

2. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of

the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the Actions, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendants or any other parties.

**Certification of the Settlement Class:**

3.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement only, the following Settlement Class as defined in the Settlement Agreement:

> All cardholders with an open RushCard account as of October 12, 2015 and who had authorized use of that account at least once during the period of July 14, 2015 through and including October 12, 2015.

Excluded from the Settlement Class are: (a) anyone who terminated or closed their RushCard account prior to October 12, 2015; (b) any Judge or Magistrate presiding over this action and members of their immediate families; (c) the Defendants, the Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants have a controlling interest, and any of their current or former officers, directors, employees, representatives, managers, members, and any other Person acting for or on behalf of Defendants; (d) Persons who properly execute and file a timely request for exclusion from the Settlement Class; and (e) the legal representatives, successors or assigns of any such excluded Persons.

4.  With respect to the Settlement Class, the Court preliminarily finds, for purposes of effectuating this settlement only, that the prerequisites for class certification under Rule 23 of the

Federal Rules of Civil Procedure have been satisfied, in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is a superior method for fairly and efficiently adjudicating the Actions.

**Settlement Class Representatives and Settlement Class Counsel:**

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of this settlement only, the Court designates the following Plaintiffs as the Settlement Class Representatives: Stephanie Fuentes, Jetaime Howard, Mianika Smith, Shari Goodman, Jermain Hayes, Ivy Huff, John Golden, Latayqa Little, Jackie Brown, Mnemosyne Collier, Stephanie Walton, Akil Patterson, William Townsend, Marah Peterkin, and Nicole Jones.  The Court finds that the Settlement Class Representatives are similarly situated to absent Class Members and therefore typical of the Class and that they will adequately protect the interests of the Settlement Class.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of this settlement only, the Court finds that the following are competent, experienced and adequate counsel and are hereby designated as Settlement Class Counsel: (Co-Lead) John A. Yanchunis, Morgan & Morgan Complex Litigation Group; (Co-Lead) Jean Sutton Martin, Law Office of Jean Sutton Martin PLLC; Charles J. LaDuca, Cuneo Gilbert & LaDuca, LLP; Michael McShane, Audet & Partners, LLP; Hunter J. Shkolnik, Napoli Shkolnik PLLC; Lewis Eidson, Colson Hicks Eidson; and Joseph

G. Sauder, McCuneWright LLP.

**Notice and Administration:**

7.      The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure.  The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process.  The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Actions, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class.  The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

8.      The Court approves the appointment of Angeion Group as Settlement Administrator to supervise and administer the notice procedure, as well as the processing of Claims as more fully set forth in the Settlement Agreement and below.

9.      Pursuant to Section VI of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice and Claim Form on the Settlement Website prior to any dissemination of the Summary Notice, and to send direct notice via e-mail in accordance with the Notice Plan called for by the Settlement Agreement thirty (30) days following the entry of this Order. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement and allow for the filing of Claims online.

**Benefits and Claims Process:**

10.     The Court takes notice that Defendants have provided benefits previously to the

Settlement Class Members pursuant to the Settlement Agreement. Settlement Class Members with a current RushCard account received a fee holiday from November 1, 2015 to February 29, 2016. During this time period, cardholders were not assessed any monthly fees, transaction fees, ATM fees, or any other fees provided for in the fee schedule of the RushCard Cardholder Agreement effective November 17, 2014. Certain Settlement Class Members with a current RushCard account received a credit to their account in the amount of $25.00. Certain other Settlement Class Members whose RushCard accounts were closed or otherwise inactivated were directly sent $25.00. Settlement Class Members did not, nor do they now, need to file a Claim Form to receive those benefits.

11. The Settlement Agreement further provides for Settlement Class Members to be reimbursed for all fees assessed on their RushCard accounts by Rush Defendants during the period of October 12, 2015 through October 31, 2015. Settlement Class Members do not need to file a Claim Form to receive those benefits.

12. In order to be entitled to participate in the Settlement for cash payments under Tier 2 and 3 of Section IV of the Settlement Agreement, Settlement Class Members must complete and submit their Claim Form(s) in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator within seventy-five (75) days after the date of the Notice Deadline.

13. The Settlement Administrator, subject to the supervision of Co-Lead Counsel and the Court, and pursuant to Section IV of the Settlement Agreement and the records provided by the Rush Defendants, will make administrative determinations concerning the acceptance and rejection of Claim Forms submitted. By submitting a Claim Form, a Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claim submitted, and the Claim will be subject to investigation and discovery, if any, under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to their status as a Settlement Class

Member and the validity and amount of their Claim.

14. Any Settlement Class Member who does not timely submit a valid Claim Form shall not be eligible to participate in the distribution of funds under Tiers 2 and 3 of Section IV of the Settlement Agreement, but nonetheless will be bound by all the terms of the Settlement Agreement, including the releases provided for therein, and shall be barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Party concerning any Released Claim, and shall be bound by any judgment or determination of the Court affecting Settlement Class Members.

**Exclusion from the Class:**

15. Settlement Class Members who wish to exclude themselves from the Class may do so on or before the Opt-Out Deadline of seventy-five (75) days after the date of the Notice Deadline and must comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

16. Members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Opt-Out Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice. So called "mass" or "class" opt-outs shall not be allowed.

17. Members of the Settlement Class who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims. However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Objections:**

18. Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Actions with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the service awards to the Class Representatives as set forth in the Notice. Settlement Class Members may object on their own, or may do so through separate counsel at their own expense.

19. To object, Settlement Class Members must personally sign and file a written objection no later than on or before the Objection Deadline of seventy-five (75) days after the date of the Notice Deadline. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, including (a) the Class Member's name and address, (b) all arguments, citations, and evidence supporting the objection, (c) a statement that the Class Member is part of the Settlement Class, (d) the Class Member's RushCard account number, (e) the email address the Class Member used in conjunction with his/her RushCard, (f) a statement indicating whether the Class Member is represented by counsel in connection with the objection and (g) a statement identifying any other class action lawsuits to which the Class Member or his/her counsel has filed an objection within the past five years. If the Class Member wishes to appear and be heard at the Final Approval Hearing, the written objection must state so.

20. To be valid, objections must be sent to the United States District Court for the Southern District of New York at the following address:

Clerk of Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

If the Class Member is represented by a lawyer, the lawyer must file the objection through the Court's CM/ECF system.  In addition to filing the objection with the Court, the Class Member must send copies of the objection and any supporting documents to both Class Counsel and the Defendants' lawyers at the addresses listed below:

| **Class Counsel** | **Defense Counsel** |
|:---:|:---:|
| John A. Yanchunis | Thomas P. Brown |
| MORGAN & MORGAN COMPLEX LITIGATION GROUP | PAUL HASTINGS LLP |
| 201 N. Franklin Street, 7th Floor | 55 Second Street |
| Tampa, Florida 33602 | Twenty-Fourth Floor |
| | San Francisco, CA  94105-3441 |

**Final Approval Hearing:**

21. The Court will hold the Final Approval Hearing under Rule 23(e) of the Federal Rules of Civil Procedure at 11:00 a.m. on September 12, 2016, in Courtroom 706 at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, to determine, among other things, whether: (a) the proposed settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of the attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of the Service Awards to the Class Representatives.  The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

22. By no later than twenty-one (21) days prior to the Objection Deadline, Plaintiffs shall file a motion for final approval of the Settlement and a motion for attorneys' fees, costs, and expenses and for Service Awards.  By no later than seven (7) days prior to the Final Approval Hearing, the Parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses and for Service Awards for each Class Representatives.

**Further Matters:**

23. Terms, phrases and definitions in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

24. Unless otherwise specified, all time periods set forth in the Preliminary Approval Order will be computed in calendar days and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure.

25. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

26. Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

27. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court.  In such event, the Parties will retain all rights as if the Settlement Agreement was never agreed upon.

28. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provisions related to the Attorney Fee and Expense Award, all of the Parties' obligations under the Agreement shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Actions as if the Parties had not entered into this Agreement including that all of the Parties' respective pre-Settlement claims and defenses will be preserved; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any Person or party hereto, shall not be deemed or construed to be an admission by an party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action

or any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

The Clerk of Court is directed to close the motion at docket number 33.

SO ORDERED.

Dated: May 16, 2016
New York, New York

_____
J. PAUL OETKEN
United States District Judge