UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

STEPHANIE FUENTES, JETAIME HOWARD,  :
MIANIKA SMITH, SHARI GOODMAN, and   :
JERMAIN HAYES, *individually and on behalf*  :
*of all others similarly situated*,   :
                         Plaintiffs,  :
    :

    -v-             :

UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL  :
SERVICES, RUSH COMMUNICATIONS,   :
LLC, RUSH COMMUNICATIONS of NYC,   :
INC., META FINANCIAL GROUP INC., and   :
METABANK,   :
    :
                    Defendants.  :

---------------------------------------------------------------X

15-CV-8372 (JPO)

SEP 12 2016

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVAL OF ATTORNEYS' FEES, COSTS AND EXPENSES,
APPROVING SERVICE AWARDS AND FINAL JUDGMENT**

This matter came before the Court on Plaintiffs' Motion to Approve Certification of the

Settlement Class and Final Approval of Class Settlement (ECF No. 41) and Plaintiffs' Motion

for Approval of Attorneys' Fees, Costs and Expenses and Service Awards (ECF No. 43)[1].  On

May 17, 2016, the Court entered an order certifying a settlement class, preliminarily approving

class action settlement, and directing notice to the settlement class ("Preliminary Approval

Order") (ECF No. 39).

The Court, having reviewed the Stipulation of Agreement and Settlement and Release,

including the exhibits attached thereto (together, the "Settlement Agreement" or "Settlement"),

the arguments and authorities presented by the parties and their counsel, and the record in the

---

[1] Unless otherwise defined herein, the Court adopts the defined terms as set forth in the Settlement
Agreement (ECF No. 36-1).

Action, and noting also that there were no objections to the settlement, and good cause

appearing, hereby reaffirms the findings and conclusions in its Order of May 17. 2016 (ECF No.

39). Accordingly,

IT IS HEREBY ORDERED:

**1.    Class Certification for Settlement Purposes Only.**

The Settlement Agreement provides for a Settlement Class defined as follows:

All cardholders with an open RushCard account as of October 12, 2015 and who
had authorized use of that account at least once during the period of July 14, 2015
through and including October 12, 2015.

For the reasons set forth below, the Court reaffirms that it is proper to certify, and hereby

does finally certify, for settlement purposes only, the Settlement Class pursuant to Federal Rule

of Civil Procedure 23.

a.    *Numerosity:* Rule 23(a)(1) requires that a proposed settlement class be "so

numerous that joinder of all class members is impracticable." Fed. R. Civ. P. 23(a)(1). Here,

there are in excess of 400,000 Settlement Class Members and numerosity is not in question.

b.    *Commonality:* Rule 23(a)(2) requires that there be "questions of law or fact

common to the class." Fed. R. Civ. P. 23(a)(2). Here, the Settlement Class Members are joined

by the common questions of law and fact that arise from the same event—the Service Disruption

– which impacted their ability to use their cards to make purchase of consumers goods and

services, as well as to simply access their money. These common issues of law and fact include

whether Defendants allegedly owed a duty to Settlement Class Members to provide access to

their funds, whether Defendants allegedly breached that duty, whether Defendants allegedly

knew their statements and representations regarding the Service Disruption were false and

misleading, whether Defendants allegedly breached their contracts with Settlement Class

2

Members, and whether Settlement Class Members have actionable claims. Without question, the Service Disruption centers on Defendants' conduct, satisfying the commonality requirement.

      c.     **_Typicality:_** Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Court has seen no evidence that the claims or defenses of the represented parties are not typical of the claims and defenses to the case.

      The Settlement Class Members' claims arise from the same Service Disruption as a result of Defendants' actions.  They are also based on the same legal theories.  The typicality requirement has been met.

      d.     **_Adequacy of Representation_**: The adequacy requirement is satisfied when "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court finds that the Settlement Class Representatives have fulfilled their responsibilities on behalf of the Settlement Class. The Court further finds that Lead Counsel have prosecuted the case vigorously and in the best interests of the Settlement Class.

      e.     **_Predominance:_** Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members[.]" Fed. R. Civ. P. 23(b)(3). The many common questions of fact and law that arise from Defendants' conduct predominate over any individualized issues.

      f.     **_Superiority_**: Rule 23(b)(3) further requires "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court finds that a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

**2.     Settlement Class Representatives and Class Counsel.**

The Court concludes that Court-appointed Co-Lead Counsel John A. Yanchunis and Jean Martin have fairly and adequately represented the interests of the Settlement Class Members. The Court further concludes that the Settlement Class Representatives appointed pursuant to the Order of May 17, 2016 (ECF No. 39) are typical of the Class and have fairly and adequately represented the interests of the Settlement Class Members.

**3.     Jurisdiction.**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

**4.     The Notice Program.**

The Court finds that the Notice Program has been implemented by the Settlement Administrator and the parties in accordance with the requirements of the Settlement Agreement, and that the Notice Program, including the utilized forms of Notice, constitutes the best notice practicable under the circumstances and satisfies due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Settlement Administrator and parties have complied with the directives of the Preliminary Approval Order and the Court reaffirms its findings concerning notice as set forth in paragraph 8 thereof.

**5.     Findings Concerning Claims Process and Distribution.**

The Court finally approves the Settlement Relief as a fair and reasonable method to distribute the Settlement benefits among Settlement Class Members. The Court directs that the Settlement Administrator continue to effectuate the Settlement Relief according to the terms of the Settlement Agreement. The Court reaffirms that all Settlement Class Members (excluding

those who opted out as reflected in Exhibit 1 to this Order) who fail to submit a claim in accordance with the requirements and procedures specified in the Notice shall be forever barred from making a claim, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the releases included in that Agreement, and the Final Judgment.

**6.    Class Action Fairness Act Notice.**

The Court finds that Defendants have caused to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

**7.    Objections to Substantive Settlement Terms.**

Out of hundreds of thousands of Settlement Class Members, there were no objections, and only seventy Settlement Class Members who timely requested exclusion from the Settlement.  The absence of any objections indicates strong support for the Settlement by Settlement Class Members and weighs strongly in favor of final approval.

**8.    The Fairness, Adequacy and Reasonableness of the Settlement.**

The Court finds that this Settlement reflects an outstanding result for the Class in a case with a high level of risk. The Settlement provides significant monetary benefits to compensate consumers for losses caused by the Service Disruption and compares very favorably to settlements in other consumer class actions.

a.    ***Litigation Through Trial Would be Complex, Costly and Long.***  Courts have consistently recognized the complexity, expense, and likely duration of litigation as critical factors in evaluating the reasonableness of a class action settlement. *See, e.g., Charron v. Weiner*, 731 F.3d 241, 247 (2d Cir. 2013); *see also Meredith Corp. v. SESAC, LLC*, No. 09-cv-9177 (PAE), 2015 WL 728026, at *9 (S.D.N.Y., Feb. 19, 2015). By reaching a favorable

settlement prior to dispositive motions or trial, Plaintiffs were able to avoid significant expense and delay, and were able to obtain a meaningful recovery for the Class.

Approval of the settlement will mean a present recovery for Class Members. Although Plaintiffs and Class Counsel believe that the claims asserted are meritorious, continued litigation against Defendants posed significant risks that made any recovery uncertain. At the outset, continued litigation of this matter would require the Court to resolve two separate threshold questions concerning the viability of certifying the proposed Class. First, the Court would have to decide the question of the arbitrability of Plaintiffs' claims. Second, should this Court conclude that Plaintiffs' claims were not subject to arbitration, the Court would have to turn to the question of class certification and Defendants' contention that individualized factual inquiries and damages and legal variation among the laws of the states would preclude class certification.

While the difficulties in class management require consideration when determining the fairness, adequacy and reasonableness of a settlement, manageability is not appropriate for further consideration in the context of a settlement-only certification. *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 597 (1997) (explaining that class management problems are not a consideration for a court's certification of a class for settlement purposes only); *see also Shapiro v. JPMorgan Chase & Co.*, No. 11-cv-8331, 2014 WL 122466, at *57 (S.D.N.Y. Mar. 21, 2014) (finding that the factor of manageability is moot in the request for settlement-only certification).

Continued litigation would last for an extensive period of time before a final judgment might be entered in favor of the Class. Delay, not just at the trial stage, but through post-trial motions and the appellate process as well, could force Class Members to wait even longer for any recovery. *See e.g., In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 745 (S.D.N.Y. 1985) (delay from appeals is a factor to be considered); *City of Providence v.*

*Aeropostale, Inc.*, No. 11-cv-7132, 2014 WL 1883494, at *5 (S.D.N.Y. May 9, 2014) ("Even if the Class could recover a judgment at trial, the additional delay through trial, post-trial motions, and the appellate process could prevent the Class from obtaining any recovery for years.").

The proposed settlement makes monetary relief available to Class Members in a prompt and efficient manner, and eliminates the risk of no recovery at all. It is, therefore, in the best interest of the Class. *See Strougo ex rel. Brazilian Equity Fund, Inc. v. Bassini*, 258 F. Supp. 2d 254, 261 (S.D.N.Y. 2003) ("[E]ven if a . . . class member was willing to assume all the risks of pursuing the actions through further litigation . . . the passage of time would introduce yet more risks . . . and would, in light of the time value of money, make future recoveries less valuable than this current recovery.").

       b.     ***Reaction of the Class Has Been Positive.*** "[T]he reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy." *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002). The lack of objections "may itself be taken as evidencing the fairness of a settlement." *RMED Int'l, Inc. v. Sloan's Superkts., Inc.*, No. 94-cv-5587, 2003 WL 21136726, *1 (S.D.N.Y. May 15, 2003).

Notices to the Class included an explanation of the relief available. The notices also informed Class Members of their right to object to or exclude themselves from the settlement and explained how to do so. The deadline established by the Court for objections and exclusions expired on August 30, 2016. No Class Member objected to the Settlement and only 70 Class Members have timely requested to be excluded.

This favorable response demonstrates that the Class approves of the settlement, which further supports final approval. *See e.g., Clem v. KeyBank, N.A.*, No. 13-cv-789, 2014 WL 2895918, at *4-5 (S.D.N.Y. June 20, 2014) (approving settlement in which three of

approximately 1,500 Class Members objected and three opted out); *Wright v. Stern*, 553 F. Supp. 2d 337, 345 (S.D.N.Y. 2008) (finding a strong indication of fairness when the "vast majority of Class Members neither objected nor opted out").

      c.     ***Sufficient Information Has Been Exchanged to Allow Responsible Resolution of the Case.*** The stage of the proceedings and the amount of information available to the parties to assess the strengths and weaknesses of their cases is one factor that courts consider in determining the fairness, reasonableness, and adequacy of a settlement. *See Weinberger v. Kendrick*, 698 F.2d 61, 74 (2d Cir. 1982); *In re Mego Fin. Corp. Securities Litig.*, 213 F.3d 454, 459 (9th Cir. 2000); *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

      While this settlement occurred very early in the litigation, before formal discovery began, the Parties exchanged a fair amount of information during the negotiations. Defendants provided Plaintiffs all confirmatory discovery requested. Moreover, Class Counsel have spoken to a significant number of consumers in the Class to develop an understanding of the manner in which the Service Disruption had affected the Class.  The accumulation of the information permitted Plaintiffs and their counsel to be well informed about the strengths and weaknesses of their case and to engage in effective settlement discussions with Defendant. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y. 2004) ("the question is whether the parties had adequate information about their claims"). Therefore, this Court should find that this factor also supports final approval of the settlement.

      d.     ***Plaintiffs Would Face Real Risks If the Case Proceeded.*** In assessing the settlement, the Court should balance the benefits afforded the Class, including the immediacy and certainty of a recovery, against the continuing risks of litigation. *See City of Detroit v. Grinnell Corp., et al.*, 495 F.2d 448, 463 (2d Cir. 1974). Although Plaintiffs believe the case is

strong, it is also risky. "If settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome." *In re Ira Haupt & Co.*, 304 F. Supp. 917, 934 S.D.N.Y. 1969).

While Plaintiffs believe that the claims alleged would ultimately be borne out by the evidence, Plaintiffs also recognize that continued litigation poses significant risks, particularly in regards to the arbitration provision in the Cardholder Agreement. But for the agreement now before the Court for consideration, Defendants' success on the issue of arbitration could have resulted in severely limited relief, or no relief at all, to the proposed Settlement Class. Progressing to trial and through trial also would involve hurdles for Plaintiffs as to both liability and damages. Class Counsel are experienced and realistic, and understand that the resolution of liability issues, the outcome of the trial, and the inevitable appeals process are inherently uncertain in terms of outcome and duration. The proposed settlement alleviates these uncertainties. This factor therefore weighs in favor of final approval.

e.   ***Maintaining the Class Through Trial Would Not Be Simple.***   While the Court has preliminarily approved a Settlement Class, there is a risk here of not obtaining class certification if litigation continues and a risk of maintaining certification through trial. *See Odom v. Hazen Transport, Inc.*, 275 F.R.D. 400, 411 (W.D.N.Y. 2011) ("Although class certification has been approved by this Court for the purpose of settlement, it is not certain that the case would be certified in the absence of settlement."). Determining whether class certification is appropriate would require extensive discovery and exhaustive briefing. In opposing certification, Defendants would likely argue that individualized factual inquiries and damages and legal variation among the laws of the states would preclude class certification.

f.   ***Defendants' Ability to Withstand a Greater Judgment Is Not Determinative.***

There is no evidence that Defendants could not withstand a greater judgment. However, their ability to do so, "standing alone, does not suggest that the settlement is unfair." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) (quoting *In re Austrian German Bank Holocaust Litigation*, 80 F. Supp. 2d 164, 178 n.9 (S.D.N.Y. 2000)). Thus, this factor is neutral and does not preclude the Court from granting final approval of the settlement.

       g.      ***The Relief Offered By The Settlement Is Reasonable In Light of the Best Possible Recovery and Attendant Risks of Litigation.*** The adequacy of the amount offered in settlement must be judged "not in comparison with the possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of plaintiffs' case." *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 762 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987). The Court need only determine whether the Settlement falls within a "range of reasonableness" — a range which "recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).

As discussed above, class members could achieve as much as $28.75 million under the settlement. The monetary benefits provided to the Class are reasonable and appropriate even without the risks of continued litigation. Settlement Class Members did not have to take any action to receive three types of benefits under the Settlement structure. Furthermore, Settlement Class Members can receive compensation for financial losses without providing any documentation to support their damages. This includes Tier III claimants who fail to submit proper documentation, as their claims will be processed as Tier II claims so as to be compensated. Lastly, compensation being provided to Settlement Class Members within approximately a year of the financial damages occurring is quite significant, particularly in light

of the demographics of RushCard customers.

Given the hurdles, Plaintiffs would have to overcome if they were to litigate this case to verdict and the benefits provided by the settlement, this factor strongly favors the granting of final approval.

9. **Releases.**

As of the Effective Date, the Releasing Parties and Released Parties (excluding those who timely opted out as reflected in Exhibit A to this Order) shall be deemed to have, and by operation of this Order and the Final Judgment entered in connection with this Order shall have, fully and irrevocably released and forever discharged each other from all Released Claims and other claims as more fully set forth in the Settlement Agreement.

10. **Award of Attorneys' Fees, Costs, and Expenses.** The Settlement Agreement contemplates Plaintiffs' Counsel requesting attorneys' fees, costs and expenses award of no more than $1,500,000.00 to be paid by Defendants separate and apart from the Settlement Relief being provided to the Class. Plaintiffs' Counsel have filed a separate Motion for Attorneys' Fees, Costs and Expenses which requests the Court approve this sum. No Class Member has objected to Plaintiffs' Counsel's request for a payment of attorneys' fees, costs and expenses, nor has any Class Member objected to the amount of the request. After considering the submission of Plaintiffs' Counsel memorandum, declarations and time and expense records in support of their motion, the Court finds that the requested fee award, which includes costs and expenses, of $1,500,000.00 is reasonable, and the sum of $1,500,000.00 is hereby awarded to Class Counsel and shall be distributed by Co-Lead Counsel.

11. **Service Award.**

Pursuant to the Settlement Agreement, Settlement Class Representatives request that this Court

grant them a service award of $500.00 each to compensate them for their time, commitment and expense spent on this litigation.  Under the facts of this case, a payment of $500.00 to the Plaintiffs who served as the class representatives does not give rise to a conflict between the representative and the Class, but instead is an appropriate measure of compensation both for the Plaintiffs' time and in recognition of the public good the Plaintiffs have accomplished through the present settlement. Based upon the above, the Court finds a service award of $500.00 to each Settlement Class Representative is warranted and appropriate.

### 12.    Dismissal.

The Court hereby dismisses this Action with prejudice. The Releasing Parties are hereby permanently barred and enjoined (including during the pendency of any appeal taken from this Order or from the Final Judgment entered in connection with this Order) from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Nothing in this Order or in the Final Judgment entered in connection with this Order shall preclude any action to enforce the terms of the Settlement Agreement.

### 13.    Final Judgment.

There is no just reason to delay entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

### 14.    Use of Order.

This Order shall have no force or effect if there is no Effective Date as set forth in the Settlement Agreement. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any party of any defense or claims he, she, or it may have in this litigation or in any other lawsuit.

### 15.    Continuing Jurisdiction.

The Court retains jurisdiction over this action and the parties, attorneys, and Settlement Class Members for all matters relating to this action, including (without limitation) the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order, and including any application for fees and expenses incurred in connection with this action.

For the reasons set forth herein, the Court hereby (1) grants final approval of the Settlement; (2) certifies the Settlement Class pursuant to Federal Rules of Civil Procedure 23(b)(3) and (e); and (3) enters final judgment in this Action. The parties are ordered to carry out the Settlement as provided in the Settlement Agreement.

The Clerk of Court is directed to close the motions at Docket Number 41 and Docket

Number 43 and to close the case.


SO ORDERED.


Dated: September 12, 2016
       New York, New York

_____
J. PAUL OETKEN
United States District Judge